# United States Court of Appeals
# for the Fifth Circuit

No. 21-50745

consolidated with

No. 21-50746

Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Alvarado-Perez,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
No. 4:21-CR-123-1
No. 4:21-CR-153-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Luis Alvarado-Perez appeals his conviction and sentence for illegal reentry after removal under 8 U.S.C. § 1326(a) and (b)(1), along with the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50745
c/w No. 21-50746

revocation of the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he has abandoned any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Alvarado-Perez contends that treating a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than as an element of the offense, violates the Constitution. He correctly concedes that that argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but states that he wishes to preserve it for further review. The government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

As the government asserts and Alvarado-Perez concedes, the sole issue on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgments are AFFIRMED. The government's alternative motion for an extension of time is DENIED as unnecessary.